## Issued by the
# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC.<br>v.<br>M-I, LLC | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number: 6:05-CV-00155-LED<br>Pending in the Eastern District of Texas, Tyler Division |

TO:   Heinz Mueller
      255 North Sam Houston Parkway East
      Houston, TX 77063

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| HOWREY, LLP<br>1111 Louisiana Street, 25TH Floor<br>Houston, TX 77002 | February 14, 2006 at 9:00 a.m. |

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| HOWREY, LLP<br>1111 Louisiana Street, 25th Floor<br>Houston, TX 77002 | February 9, 2006 at 9:00 a.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*       ATTORNEY FOR DEFENDANT M-I, LLC | February 7, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
JOHN R. KEVILLE
HOWREY LLP
1111 LOUISIANA, 25TH FL., HOUSTON, TX 77002-5242   TEL: 713-787-1400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert=s opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions are applicable to terms employed in this set of requests:

A. These requests require Heinz Mueller (or Heinz Muller) to produce all documents and things that are in the possession, custody, or control of Heinz Mueller or in the possession, custody or control of Heinz Mueller's attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Heinz Mueller's behalf.

B. "COGNIS" means Cognis Corporation and includes without limitation (a) its current or former corporate parents, including Cognis Deutschland GmbH & Co KG and Cognis Holding GmbH; (b) all subsidiaries, predecessors, affiliates, successors, divisions, departments, including the Henkel Group, Cognis IP Management GmbH, and Cognis International GmbH; and (c) other organizational or operational units, officers, directors, employees, agents, servants, representative, and attorneys.

C. "HALLIBURTON" means Halliburton Energy Services, Inc. and includes without limitation (a) any divisions, departments, parents, subsidiaries, other organizational or operational units, and agents of Halliburton Energy Services, Inc., (b) all predecessor or successor companies or corporations including but not limited to Baroid Drilling Fluids, Inc. and Baroid Technology, Inc.; (c) all companies, corporations, partnerships, associations or other business entities which are or have been under the common control or ownership of Halliburton Energy Services, Inc.; and (d) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of Halliburton Energy Services, Inc.

D. The term "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

E. The term "THING" refers to any tangible object, other than a DOCUMENT, and includes objects of every kind and nature including, but not limited to, prototypes, models, samples and specimens.

F. The term "COMMUNICATIONS" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and specifically includes both paper and electronic COMMUNICATIONS.

G. The term "IDENTIFY" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

H. The term "PERSON" is defined as any natural person or any business, legal or governmental entity or association.

I. For any requested DOCUMENT that has been destroyed after May 3, 2005, identify each DOCUMENT, set forth the contents of each destroyed DOCUMENT, the date of such destruction, the identity of any individuals who authorized the destruction, and other circumstances related to such destruction.

J. The term "'832 PATENT" refers to U.S. Patent No. 6,887,832, entitled "Method of Formulating and Using a Drilling Mud With Fragile Gels" and includes the patent applications from which the '832 patent issued, including PCT/US00/35609 and PCT/US00/35610, and all related continuation, continuation-in-part, divisional, or other

        continuing applications.

K.    A document or communication "RELATING TO," "RELATED TO," "RELATE TO," or "CONCERNING" a given subject means all documents or communications that to any extent refer to, mention, or describe the subject.

L.    The term ALL/EACH shall be construed as all and each.

M.    The term AND/OR shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

N.    For purposes of these requests, terms not specifically defined shall be given their ordinary meaning. If you are unable to understand the meaning of any term you are invited to immediately seek its clarification through M-I's counsel.

**DOCUMENTS REQUESTED**

1. All DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller that RELATE TO any communication within COGNIS and/or between COGNIS and HALLIBURTON CONCERNING invert emulsions, drilling fluids and/or drilling fluid additives such as thinners, including but not limited to the subject matter claimed in the '832 patent or any of the patents and applications from which the '832 PATENT claims priority, or any related foreign patent or application, such as PCT/US00/35609, and PCT/US00/35610.

2. All DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller that RELATE TO any cooperation, association, agreement, or other arrangement between COGNIS and HALLIBURTON that RELATE TO invert emulsions, drilling fluids and/or drilling fluid additives such as thinners, including but not limited to the subject matter claimed in the '832 patent or any of the patents and applications from which the '832 PATENT claims priority, or any related foreign patent or application, such as PCT/US00/35609, and PCT/US00/35610.

3. All DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller that RELATE TO the research, development, testing, analysis or experimentation, by or on behalf of COGNIS CONCERNING invert emulsions, drilling fluids, and/or drilling fluid additives such as thinners developed by COGNIS for or in collaboration with HALLIBURTON, including but not limited to the subject matter claimed in the '832 patent or any of the patents and applications from which the '832 PATENT claims priority, or any related foreign patent or application, such as PCT/US00/35609, and PCT/US00/35610.

4. All DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller that mention "fragile gel" and that RELATE TO invert emulsions, drilling fluids, and/or drilling fluid additives, including but not limited to thinners.

5. All DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller that RELATE TO the development, testing, modification, manufacture, use, offer for sale, or sale of HALLIBURTON's BDF-279, Petrofree, Accolade, and/or Encore drilling fluid systems, or any component of HALLIBURTON's BDF-279, Petrofree, Accolade, and/or Encore drilling fluid systems, including but not limited to RM-63.

6. All DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller that were considered, referred to, or studied by the Inventors of PCT/US00/35609 and PCT/US00/35610, or their representatives, or by employees, agents, or attorneys of COGNIS in any way in connection with the preparation or prosecution of PCT/US00/35609, PCT/US00/35610, or related applications, including but not limited to any search or investigation of the prior art, including each reference reported or found as a result of each search or investigation.

7. DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller sufficient to identify all persons involved in the research, design development, testing, experimentation, and/or patent activities of invert emulsions, drilling fluids and/or drilling fluid additives developed by COGNIS for or in collaboration with HALLIBURTON,

including but not limited to the subject matter claimed in the '832 patent or any of the patents and applications from which the '832 PATENT claims priority, or any related foreign patent or application, such as PCT/US00/35609, and PCT/US00/35610.

8. DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller sufficient to show COGNIS' corporate structure, organization, business units, divisions, management, affiliations and/or ownership, including current and outdated organization charts and related documents.

9. DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller sufficient to show the ability to obtain and/or request documents within COGNIS, and the ability to obtain and/or request intellectual property documents within COGNIS, including but not limited to between Cognis Corporation, Cognis Deutschland GmbH, and Cognis IP Management GmbH and/or between different COGNIS' divisions and business units.

10. DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller sufficient to show the location and/or possession of intellectual property documents, including but not limited to patent applications, patents, prior art search reports, invention disclosure statements, and transfers, assignments and license agreements within COGNIS that RELATE TO invert emulsions, drilling fluids and/or drilling fluid additives such as thinners, including but not limited to the subject matter claimed in the '832 patent or any of the patents and applications from which the '832 PATENT claims priority, or any related foreign patent or application, such as PCT/US00/35609, and PCT/US00/35610.

11. All DOCUMENTS, COMMUNICATIONS and THINGS in the possession, custody or control of Heinz Mueller RELATED TO the development, testing, modification, manufacture, production, storage, use, distribution, marketing, offer for sale, or sale of invert emulsions, drilling fluids, esters, thinners, oilfield chemicals, oilfield products and applications, or other subject matter of the patents and applications from which the '832 PATENT claims priority, by COGNIS in the United States and/or the Gulf of Mexico, including but not limited to Cognis Corporation and Cognis Deutschland GmbH.