# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HALLIBURTON ENERGY | § | |
| SERVICES, INC., | § | |
| | § | |
| VS. | § | MISC ACTION NO. H-06-mc-00053 |
| | § | |
| M-I, LLC, | § | |

## MEMORANDUM AND ORDER

Heinz Mueller moved to quash a deposition subpoena and subpoena duces tecum issued by M-I, LLC under Rule 45 of the Federal Rules of Civil Procedure.  (Docket Entry No. 1).  M-I has moved to compel compliance with the subpoena.  (Docket Entry No. 3). Based on the record, the parties' submissions, and the applicable law, this court denies Mueller's motion to quash and grants M-I's motion to compel, conditioned on the terms set out below.

Mueller is a German resident and a Senior Technical Marketing Manager at Cognis Oleochemicals GmbH, a German corporation.   Cognis codevelops technology with Halliburton Energy Services, Inc.  Mueller regularly travels to Houston, Texas to conduct business on behalf of Cognis.   Mueller averages four trips each year and stays for approximately ten days each trip.  (Docket Entry No. 6).  Over the past ten years, Mueller has been in Houston approximately forty days per year.  He is not an officer or director at Cognis.

Halliburton sued M-I in the Eastern District of Texas, alleging patent infringement. M-I believes that Mueller and Cognis have information relevant to the patent at issue in its lawsuit with Halliburton. Mueller is listed as an inventor on relevant patent applications. M-I claims that it tried to obtain discovery relevant to the patent from Cognis, which insisted on strict compliance with the Hague Convention. Seeking a more efficient method given discovery deadlines in the pending lawsuit, M-I served Mueller in Houston with a deposition notice, subpoena, and subpoena duces tecum on February 8, 2006, during one of Mueller's regularly scheduled extended business trips in the city. The deposition was to take place in Houston on February 14, 2006, within the time Mueller would still be in Houston but providing him time to prepare. Houston counsel appeared on Mueller's behalf and timely filed a motion to quash the deposition notice. Neither Mueller nor his lawyers appeared at the deposition nor produced any of the subpoenaed material. M-I then filed its motion to compel compliance with this court.

Mueller argues that the subpoena must be quashed or modified because it requires him to travel to Houston, far from the country where he lives and works. Mueller relies on Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure, which provides:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held.

2

FED. R. CIV. P. 45(c)(3)(A)(ii).  Mueller also argues that the subpoena duces tecum would require him to produce confidential and propriety documents.  Mueller acknowledges that when he was served with the subpoena, he had approximately 165 pages of documents with him, but asserts that most were subject to confidentiality agreements among Cognis and other business partners.

The phrase "regularly transacts business in person" as used in Rule 45(c)(3)(A)(ii) "means just what it says."  *Regents of the Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996).  A court deciding whether a deposition should be modified or quashed under this rule need not decide whether the witness is subject to the forum's jurisdiction.  "In considering when a non-party witness may be commanded by subpoena to appear . . . the court does not consider the forum state's power or the notice to the witness, but only the burden to the witness of being required to physically appear."  *Id*.  A court must quash a subpoena if it "subjects a person to an undue burden." FED. R. CIV. P. 45(c)(3)(A)(iv).  The party moving to quash or modify a subpoena "must meet the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive." *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

Mueller's regular, frequent, and extended trips to Houston clearly place him in the category of regularly transacting business in person in this city.  Mueller travels to the city approximately four times each year and stays for approximately ten days each time.  His ten-year average of forty days in Houston each year defeats his contention that he does not

regularly transact business in person here.  In *Kohne*, by contrast, the court held that a witness who only came to California ten times in seven years, for an undisclosed period, did not regularly transact business there.  Because Mueller did regularly transact business in this city, he can be compelled to comply with the subpoena under Rule 45 if conditions imposed to ensure that compliance is not unduly burdensome are met.

M-I has agreed to either pay for Mueller to travel to Houston for his deposition; to have its lawyers travel to Germany to take his deposition there; or to combine his deposition in Houston with a regularly scheduled business trip here, if that is consistent with the discovery deadlines.  This court orders Mueller to appear for his deposition on these conditions.  Mueller must comply with the subpoena duces tecum as well.  Documents that he asserts are subject to confidential agreements must be produced under a protective order, either one in place in the underlying case or entered to protect the documents Mueller will produce.

Given these conditions, Mueller has not established his burden of showing that compliance with M-I's subpoena would be unreasonable and oppressive.  *Williams*, 178 F.R.D. at 109; *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966).  The motion to compel is granted; the motion to quash is denied.

SIGNED on September 15, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

4